UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ALEJANDRO QUEZADA GRADO AND QINCHUAN LIU CHAMBERS,<br><br>                                Petitioners,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General, et al.,<br><br>                                Respondents. | Case No.: 25-CV-3833 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION AND COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, AND**<br><br>**(2) DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 3) |

Presently before the Court is Angel Alejandro Quezada Grado's and Qinchuan Liu Chambers's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF No. 1) and Angel Alejandro Quezada Grado's *Ex Parte* Motion for Temporary Restraining Order (ECF No. 3).  For the reasons that follow, the Court **DISMISSES** the Petition and Complaint (ECF No. 1) and **DENIES** the TRO Motion (ECF No. 3).

On December 30, 2026, Petitioners Quezada Grado and Liu Chambers filed a Complaint and Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, to which

the Court issued an Order to Show Cause (ECF No. 2), requiring Respondents to file a return by January 14, 2026, and Petitioners to file a traverse by January 21, 2026. *See* ECF No. 2. Petitioners seek "declaratory and injunctive relief preventing ICE from arresting them in connection with their scheduled interviews and setting aside [ICE's] arrest-at-interview policy as unlawful." ECF No. 1 ¶ 6. Petitioners also seek to prevent Respondents from "unlawfully detaining Petitioners thereafter . . . without first providing each of them with an individualized due process hearing . . . ." *Id.* Petitioner Quezada Grado has an adjustment of status interview with U.S. Citizenship and Immigration Services ("USCIS") scheduled for January 6, 2026. *Id.* ¶ 3. Petitioner Liu Chambers likewise has an adjustment of status interview scheduled for February 5, 2026. *Id.* ¶ 4.

Petitioner Quezada Grado filed a TRO Motion on January 2, 2026. *See generally* Docket. Petitioner submits that he fears imminent arrest or detention by ICE at his USCIS interview based on "[r]ecent enforcement actions" in which ICE "has begun arresting individuals at USCIS field offices during or immediately following adjustment of status interviews . . . ." ECF No. 3-1 ¶ 2. Therefore, Petitioner seeks an order preventing his arrest. ECF No. 3 ¶ 10.

The Court rejects Petitioners' requests for relief because the case is not ripe for review, and the Court thus lacks subject matter jurisdiction.[1] "For a case to be ripe, it must present issues that are 'definite and concrete, not hypothetical or abstract.'" *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

---

[1] The Court also notes that it lacks subject matter jurisdiction over the Petition because Petitioners are not "in custody." 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States . . . .").

1  Here, Petitioners' pointing to other instances of ICE detaining individuals following
2  adjustment of status interviews does not definitively and concretely establish that
3  *Petitioners* will be arrested by ICE at their adjustment of status interviews.  *See* ECF No.
4  1 ¶¶ 50–61; *see also Yesica L. Boza v. Pamela Bondi, et al.*, 25-cv-3526-AGS-SBC, ECF
5  No. 6 at 1–2 (denying motion for temporary restraining order in connection with
6  petitioner's scheduled adjustment of status interview because petitioner "fail[ed] to
7  establish that she is likely to suffer imminent harm").  Because the Court lacks subject
8  matter jurisdiction over the underlying Petition and Complaint, it may not grant Petitioner
9  Quezada Grado's request for a temporary restraining order.  *See, e.g.*, *Sirus v. Washington*,
10 314 F.2d 883, 884 (9th Cir. 1963); *Domingo v. Washington Mutual Bank, FA*, No. 19-cv-
11 5864-ODW (JPRx), 2019 WL 2992012, at *2 (C.D. Cal. July 9, 2019) (dismissing a request
12 for TRO where there was no subject matter jurisdiction).

13        Accordingly, the Court **DISMISSES** the Petition and Complaint (ECF No. 1) and
14 **DENIES** the TRO Motion (ECF No. 3).  The Court **VACATES** any upcoming deadlines
15 previously set in this case.  The Clerk of the Court **SHALL** close the file.

16        **IT IS SO ORDERED.**

17 Dated:  January 5, 2026

18                                                      Hon. Janis L. Sammartino
19                                                      United States District Judge